# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
THOMAS WOOTEN
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 11-30578

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 3, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**11-30578; USA vs THOMAS WOOTEN**                                           Page 2

Defendant is a 32 year old divorced father of a three year old daughter with whom he shares joint custody with his ex-wife, Danielle Moore. He has been employed by Burtek Industries for the past almost four years and earns $2773 monthly. Previously he was employed for 6 years by Cadence Innovation in Chesterfield, MI.

The defendant has a criminal record which includes a conviction for felonious assault, operating under the influence, and misdemeanor malicious destruction of personal property in 2001, for which he was sentenced to probation. He violated his probation and his term was extended one year.

There is a pending warrant (6.08/2011) for aggravated assault (domestic violence) and an outstanding misdemeanor warrant out of Chesterfield Township from 2009.

Additionally on today's date a felony criminal complaint was filed in the 41 (A) District Court for Shelby Township alleging 1) CSC 2nd Degree (victim under 13 years old) and 2) Possession of Child Sexually Abusive Material (Counts 2 and 3, referencing the charges in this federal complaint). The victim in the state case is Defendant's ex-wife's 9 year old daughter.

In the instant case Defendant is charged with producing and sharing pornographic images of his nude 3 year old daughter's genitalia, which pictures he took and solicited in trade for other's child pornography images on the internet. He bragged that his three year old daughter "loved the camera" and that he would take requests for more pictures of her in trade for the pornographic images of others. Defendant has admitted to taking the nude photographs of his 3 year old daughter and focusing on her genitalia, and he admitted to distributing these photographs, via email, to several people. Additionally he admitted to downloading several hundred pictures of child pornography and between 10 - 15 movies of children involved in sexually explicit activity. He admitted that these images were contained on a thumb drive that he keeps in his bedroom.

Defendant poses a risk of flight based upon the fact that he now is facing separate criminal charges for CSC II in state court involving his ex-wife's 9 year old daughter, in addition to the instant federal charges. Furthermore, Defendant has previously violated his probation and had his probation extended one year as a result. Compliance seems to be an issue. Additionally it appears that he has two outstanding warrants, one for a misdemeanor charge in Chesterfield Township and one for domestic violence stemming from June 8, 2011.

Defendant poses a risk of danger, based upon the allegations in the instant complaint. The allegations of CSC II in the state criminal complaint filed today involving a second victim, his ex-wife's 9 year old daughter, may or may not bear on the issue of danger. His prior arrests and convictions, his history of charges involving violence and domestic violence, his admitted downloading of child pornography images and movies, and the potential danger to his three year old daughter, all point to his propensity to be a danger to his family and the community.

There is no condition or combination of conditions that would assure Defendant's appearance in court or assure the safety of the community. Therefore Detention is Ordered.